CLOPTOJST, J.
I concur in the opinion of Judge Tyler, that the judgment should be reversed, upon the question which he has discussed. I am also of opinion, that upon a proper construction of the act of 1824, (Supplement to the Code, p. 265,) under which the proceeding in this case was had, will lead to the same result. That act provides, “that when a scire facias is returnable to a rule day, and is returned executed, the bail may discharge himself, by surrendering his principal, at any time before the end of the term of the court succeeding such rule day, in the same manner, and' upon the same conditions, as if the said writ had been returnable to the first day of the said term; and from and after the first day of June next the service of a writ of scire facias against the bail, returnable in term time, shall be of no effect, unless it appear upon the return thereof, that it was executed at least ten days before the return day.” Before the passage of this act, the plaintiff might, at his election, have his scire facias made returnable at rules in the clerk’s office, or to the next term of the court, and in this respect the act makes no change; and when the scire facias was returned executed, the bail could only discharge himself by surrendering his principal before the appearance day and paying the costs of the scire facias.
From this provision resulted the mischief which the act of 1824 intended to remedy, and the serious character of the michief is forcibly depicted in Branch and others v. Webb, 7 Leigh, 371. In that case, the scire *facias was sued out on the 30th December, 1823, returnable at rules on the fifth day (the first Monday) of January following; was delivered to the sheriff on the third day of January, executed on the same day, and the bail thus deprived of all reasonable prospect of surrendering his principal in time, before the appearance day, as it could not be done on Sunday; and although he surrendered him on Monday, the appearance dajr, it was of no avail to him, and he was irrevocably bound. The act of 1824 was passed within two months, in consequence, it is supposed, of this case, to protect the bail against the danger of being caught by the wary and astute proceedings of the creditor, by ensuring to the bail, after the execution of the scire facias upon him, a more reasonable time in which to surrender his principal.
At the time, as already remarked, whether the scire facias was returnable at rules, or the next term of the court, there existed no difference between the manner in which, and the conditions upon which the bail could discharge himself, by surrendering his principal. The distinction drawn between the two in the act of 1824, must have reference to the difference then, for the first time, made by the act itself, by the last and immediately succeeding clause of the section, which enacts, that the scire facias, if returnable in term time, shall be of no effect, unless it appear by the return, that it was executed at least ten days before the return day ; the only construction which seems to give meaning and effect to the provision in the first clause, that the rights of the bail shall be the same, whether the scire facias is returnable at rules or to vhe next term. That the case provided for in the first, is within the equity of the last clause of the section, is clearly manifest, and I think no proper rule of construction is departed from, by bringing it within the enactment.
The Legislature must at all times be in *612 tended to know the existing law and its mis-chiefs, and the nature of the remedy they provide, and it must be supposed to *have been their intention, to make the one commensurate with the other. When the Legislature passed the act of 1824, with the law as it existed before them, and legislating with a view to the hardships in the case of Branch v. Webb, can it be supposed, that they were ignorant that a rule day might often be the day, before the first day of the term, and thus left the case of a scire facias returnable at rules a casus omissus, and not within the remedy they were providing; or that, knowing this, they purposely intended a different measure of relief? I do not think that either of these suppositions can be made, and that by a reasonable construction of the whole law, it will be seen that the Legislature intended to apply the same rules to both cases, and reserve the symmetry of the law. When the scire facias is returnable at rules, the bail may discharge himself by the surrender of the principal, in the same manner and upon the same conditions, as if it were returnable to the first day of the term. Under this provision, are not his rights the same in both cases; or can he be subjected to a more stringent rule in the first than the second, and required to act in a different manner, under different conditions? I think not, and that, by enacting that the bail may discharge himself in the same manner and üpon the same conditions as if the writ were returnable to the first day of the term, and when returnable in term time, shall be of no effect, unless executed at least ten days before the return day, the Legislature intended to fix a minimum of time before the first day of the term, that the bail should have notice by the execution of the writ upon him. It is clear, that in both cases, the bail has the same time to surrender his principal from the first day of the term; and that he shall have the same notice before the first day, is a construction supported, not only by the equity of the principle, but by the reason and consistency of legislation, and is not opposed by any necessary import of the words used of a contrary character.
In this case, the scire facias was executed on Saturday, *the 4th of March, returnable to the first Monday, 6th; the next term of the court came ori the second Monday, the 13th of March. The scire facias, therefore, does not appear by the return upon it, to have been executed ten days before the first day of the term, and can have no effect.
THOMPSON, J.
The court is of opinion,' that, as the emanation of a ca. sa., atid’a- return to that writ of non est inventus is necessary to forfeit the recognizance and fix the bail in legal contemplation, and is an indispensable prerequisite to the commencement of proceedings by debt or scire facias; and that, as the plaintiff’s demurrers to the rejoinders of the defendant confess that the ca. sa.-, which issued, was not so returned before the emanation of the scire facias it was prematurely sued out before the plaintiff’s cause of action had accrued on the recognizance, and that therefore, the court below erred in sustaining the plaintiff’s demurrers to the defendant’s rejoinders.
The court is further of opinion, that although the scire facias in this case, was made returnable to a rule day and not in term time, and therefore not within the letter of that provision of the statute of March 5th, 1824 (Sess. acts 1823-4; and Supp. to Code of 1819, p. 265, c. 207, § 1,) requiring at least ten days previous service of a sci. fa. before the term to which it is made returnable, and that such previous service should appear by the date of service stated in, prefixed or subjoined to the return of the officer executing it; yet, according to a liberal construction of the act, by its reason and spirit and most manifest equity, in order to suppress the mischief within the contemplation of the Legislature, and to advance the rights and remedies it manifestly intended to confer on bail, we must interpret the Legislature as intending (and we think that intention is sufficiently manifested by the words of the law, liberally construed,) whether the sci. fa. be made returnable to rules or to the term, to require at least ten days between *the service of the writ and the term at which the bail could surrender his principal. In the majority of cases, perhaps, a service at any time before the rule day to which it was returnable would give the bail much more than ten days previous notice in which to seek out, arrest; and surrender the principal, as the act gave him until the next succeeding term, and during the term, to make the surrender. To extend to him that indulgence not theretofore accorded, and to fix a minimum period of previous service, before the term, or ultimum tempus within which he might surrender was incontestibly the object of the law, which would be wholly evaded and frustrated by holding, that no particular period of previous service was required by the act, when the writ was returnable to a rule day, though it should happen on the day or on the day before the term, as in some cases, it might so happen.
In this case, the return does not shew ten days previous service; but, on the contrary, it appears from the proceedings, and the pleadings, that it was actually served' less than ten, and only six or eight days before the term. This defect in the service of the scire facias, if there were no' other objection, in the opinion of the court, presented an insuperable impediment to rendering any judgment upon'the sci. fa. so served and returned.
Therefore, it is considered by the court, that the said judgment be reversed and annulled, (with costs &c.) and this court proceeding to render such judgment as the court below should have rendered, it is considered by the court, that the plaintiff’s demurrers to the defendant’s rejoinders be Overruled, and the scire facias dismissed with costs.